UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Wells Fargo Bank, N.A., its assignees and/or successors<br><br>Plaintiff,<br><br>v.<br><br>Maribel Preciado and DOES 1-10 inclusive,<br><br>Defendants. | Case No.: 19-cv-00361-AJB-LL<br><br>**ORDER:**<br><br>**(1) GRANTING PLAINTIFF'S MOTION FOR REMAND; AND**<br><br>**(2) DENYING DEFENDANT'S REQUEST TO PROCEED IN FORMA PAUPERIS**<br><br>(Doc. Nos. 4, 7.) |

Presently before the Court are Plaintiff Wells Fargo Bank, N.A.'s ("Plaintiff") motion to remand, (Doc. No. 7), and Defendant's request to proceed in forma pauperis, (Doc. No. 4). For the reasons herein, the Court **GRANTS** Plaintiff's motion, **DENIES** Defendant's request to proceed in forma pauperis as moot, and **REMANDS** this action to the San Diego Superior Court.

## I. DISCUSSION

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. §1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if

at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Moreover, there is a strong presumption against removal jurisdiction. Thus, doubts as to whether the federal court has subject matter jurisdiction must be resolved in favor of remand. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Generally, "[f]ederal jurisdiction typically exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). Here, there is no federal question jurisdiction because the unlawful detainer complaint invokes California law. (*See* Doc. No. 1-4 at 2.) The complaint filed in state court solely concerns an unlawful detainer action under California law and, thus, presents no federal question. *See Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."); *see also Sage Home Mortg., LLC v. Roohan*, No.: 17-cv-1409-AJB-JMA, 2017 U.S. Dist. LEXIS 118119, at *4–5 (S.D. Cal. July 27, 2017) (holding federal jurisdiction does not exist when a complaint alleges a single claim for unlawful detainer which is a California state law cause of action). Accordingly, federal question jurisdiction does not exist.

Diversity jurisdiction is generally prohibited if any defendant is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b)(2). Diversity jurisdiction also fails to provide this Court with jurisdiction because at least one Defendant resides in California. (*See* Doc. No. 1-4 at 2.) Thus, this Court does not have subject matter jurisdiction on diversity grounds.

///

This Court does not have jurisdiction and accordingly, this Court **DENIES** Patterson's IFP motion as moot.

## II. CONCLUSION

Because Defendants cannot establish this Court has jurisdiction, removal was improper. The Court **GRANTS** Plaintiff's motion for remand, **DENIES** Defendant's request to proceed in forma pauperis as moot, and **REMANDS** this action to San Diego Superior Court.

**IT IS SO ORDERED.**

Dated: May 6, 2019

Hon. Anthony J. Battaglia
United States District Judge